## PATCH *against* HOYT.

On the trial of an action of trespass against *B*, an officer, who had attached the property, by direction of *C*, the defendant offered *D*, as a witness. It appeared, that *C*, being insolvent, had assigned his estate, under the statute of 1828 against fraudulent conveyances, to *D*, he being a creditor of that estate; that *D* had executed the trust, distributed the estate assigned to him, and settled with the court of probate; no claim having been presented by *B*, against such estate, on account of said attachment. Held, that *D* had no interest in the event of the suit, and was, therefore, a competent witness.

THIS was an action of trespass *de bonis asportatis;* commenced in *May,* 1846. The defendant pleaded the general issue, with notice of special matter justifying the taking, to

be given in evidence.    The cause was tried at *Fairfield, February* term, 1850.

In the progress of the trial, the plaintiff claiming to have proved, that he, being the owner of the property, the title to which was in question in this suit, it was attached by the defendant, as an officer, by the direction of *Starr Nichols & Son*, on a writ in their favour against *Blissard & Co.*, as the property of the latter, the defendant offered *Lucius H, Boughton*, as a witness, who, on his examination upon the *voir dire*, testified, that, after said attachment, *Starr Nichols & Son*, being insolvent, assigned their property to him, the said *Boughton*, in trust for their creditors, under the act of 1828 against fraudulent conveyances ; (*Stat.* ed. 1838. p. 300.)—that he, *Boughton*, was one of the creditors of the assignors ; that said trust had been settled before the court of probate having jurisdiction thereof ; that the property received under such assignment by said assignee, and remaining in his hands, had been legally distributed by him to the creditors of said estate ; and that no claim was ever presented, by the defendant, against said estate, for any claim growing out of the attachment.    The plaintiff thereupon objected to the competency of *Boughton*, as a witness, on the ground that, if the defendant should be subjected in this suit, on the ground that the plaintiff, and not *Blissard & Co.*, was the owner of said property when it was so attached, he would be entitled, as a creditor of *Starr Nichols & Son*, to claim indemnity against such attachment out of the estate in the hands of *Boughton*, as such assignee ; and that, as such claim would diminish the amount to which the witness would be otherwise entitled out of said estate, he was interested to defeat a recovery in this suit against the defendant.

The court overruled the objection, and admitted the witness, who testified to facts material in the cause.    The jury returned a verdict for the defendant ; and the plaintiff thereupon moved for a new trial.

*E. Taylor* and *W. F. Taylor*, in support of the motion, contended, That *Boughton* was an incompetent witness, by reason of interest in the event of the suit.    The common law rule is, that where a person will receive a certain benefit, or be subjected to a certain loss or disadvantage, by the result,

*Fairfield,*
August, 1850.

Patch
*v*
Hoyt.

he is disqualified to be a witness. 1 *Phil. Ev.* 36. *Sw. Ev.* 55. *Boughton* was thus situated in this case. The defendant was the officer who served the attachment ; and he took the property, by direction of *Starr Nichols & Son*, who became liable for his acts, and liable also to indemnify him for any damages he may be subjected to, in consequence of such taking. *Boughton*, the witness, was the assignee, and a creditor of *S. Nichols & Son*, who were insolvent. He had a direct interest to prevent a diminution of the fund created for his benefit—an effect which a recovery by the plaintiff would produce. *Stebbins* v. *Sackett*, 5 *Conn. R.* 258. *Phoenix* v. *Dey* & al. 5 *Johns. R.* 412. 427.

*Hawley* and *N. L. White*, contra, were prepared to maintain the following positions.

1. That the interest which will disqualify a witness, must be legal, certain and immediate ; and it lies on the party objecting to the competency to show, that such interest exists at the time of the proposed examination. 2 *Stark. Ev.* 744. *Henry's* lessee v. *Morgan*, 2 *Binn.* 497.

2. That *Boughton*, at the trial, had no interest whatever in the event of the suit. The estate of *S. Nichols & Son* had long since been settled and finished ; and *Boughton* had presented no claim against such estate on account of any thing growing out of the attachment in question. It was then too late to exhibit such claim, if it existed.

3. That *Boughton* was not disqualified, by reason of his having been trustee ; for a mere trustee, if still in office, is competent to testify, without a release. 2 *Stark. Ev.* 786. 3 *Stark Ev.* 1690, 1. & n. *Middletown Savings Bank* v. *Bates*, 11 *Conn. R.* 519.

But before the arguments on this side of the case were concluded, the counsel were stopped by the court.

STORRS, J. It is a familiar rule of evidence, that a person is not a competent witness to increase, or prevent the diminution of, a fund in which he has a right to participate ; but it is not applicable to the present case. If the defendant might, in case of a recovery against him, have claimed indemnity, and presented such claim against the estate assigned, so as to have entitled himself to participate in said estate in the hands

of the assignee, yet it is very clear, by a reference to the statute on this subject, that, as no such claim had been presented, and the avails of the estate assigned had been distributed to the creditors of the assignor, and the trust had been settled and closed at the court of probate, such avails could not, in any mode, be recalled, by the assignee, from the creditors, whose claims had been allowed, and to whom they had been paid, or be made available to apply to the claims of any other creditors. Therefore, as the witness was entitled to retain what he had received from such avails, as a creditor of said estate, and the fund, in which he had a right to participate, could not be affected to his prejudice, whatever might be the event of the present suit, he had no such interest in the event as was claimed by the plaintiff, and the decision of the court below was correct.

A new trial, therefore, is not advised.

In this opinion the other Judges concurred.

*New trial not to be granted.*